# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Julius Van,<br><br>Petitioner,<br><br>v.<br><br>Maricopa County Superior Court,<br><br>Respondent. | No. CV-18-02570-PHX-JJT (BSB)<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 29) submitted in this matter by United States Magistrate Judge Deborah M. Fine, which recommends denial of the Petition for Writ of Habeas Corpus Pursuant to 28 U.S. C. § 2241 (Doc. 1). Petitioner timely filed Objections (Doc. 30) to the R&R, and Respondents filed a Response (Doc. 32) to those Objections. For the reasons set forth below, the Court will overrule the Objections, adopt in whole the R&R, and deny the Petition.

This Court initially denied the Petition without prejudice on the basis of *Younger* abstention, as the sole ground of the Petition dealt with a state court's decisions in an ongoing state criminal proceeding. (Doc. 5 at 3.) On appellate review, the Ninth Circuit correctly noted the dismissal Order gave no indication that this Court had considered the impact of the Ninth Circuit's recent decision in *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018), in determining to dismiss the Petition, and remanded the matter for this Court to evaluate *Arevalo*'s impact on Petitioner's claims. (Doc. 9 at 1.) On that basis this Court concluded that reconsideration was appropriate. (Doc. 10.) Upon remand, the Court

referred the matter to Judge Fine to evaluate Petitioner's constitutional claim on its merits. Upon independent consideration of Petitioner's claim, with benefit of the R&R, Objection and Response, the Court concludes: 1) Judge Fine's analysis in the R&R is thorough, exhaustive and correct; 2) consideration of Petitioner's claim on the merits—either because one of the *Younger* factors required for abstention is not met or because one of the *Arevalo* exceptions is triggered, and therefore abstention is inappropriate yields that the June 8, 2017 release hearings and related proceedings conducted in the State case at issue comported with the applicable due process protections set forth in *United states v. Salerno*, 481 U.S. 739, 741 (1987); therefore 3) denial of the Petition is appropriate.

Judge Fine's thorough merits analysis concludes that the Arizona State constitutional and statutory provisions upon which the state judge made her detention decision—A.R.S. Const. Art. 2, § 22(A)(2, 3) and A.R.S. § 13-3961(d)—comport with the dues process requirements as distilled by the Supreme Court in *Salerno*. The Arizona Supreme Court has come to the same conclusion in *Simpson v. Miller*, 241 Ariz. 341, 349 (2017), and this Court finds persuasive its reasoning.

In his Objections, Petitioner does not address this analysis. Instead, he raises several arguments premised on incorrect interpretation of the applicable law. First, Petitioner appears to argue that *Arevalo* dictates a finding that the detention hearing the State court conducted in this matter—and potentially all detention hearings conducted according the Arizona state law provisions set forth above—are infirm. That argument misses the mark wholly. *Arevalo* provides in relevant part that even if all of the *Younger* factors are met for abstention, a federal court still should not abstain if one or more of a narrow list of exceptions exists. The posture of this matter is beyond *Arevalo*, as this Court has already concluded it would reconsider and review Petitioner's claim on its merits rather than abstain. To the extent Petitioner argues that *Arevalo* dictates a finding on the merits in this case, one way or the other, he is wrong, and he ignores the specific facts of his own matter and how they differ from those in *Arevalo*.

Second, Petitioner argues that the state judge improperly considered certain evidence in reaching the detention decision as to Petitioner, including 1) a conviction Petitioner had sustained in another state for making threats, which conviction has since been expunged or sealed; 2) hearsay testimony that he uttered a threat to a security guard that he would blow up one or multiple buildings; and 3) physical evidence and admissions that tend to inculpate Petitioner in the pending state drug charges, which evidence police obtained after a traffic stop for charges that subsequently were dismissed. Where, as here, Petitioner raises arguments for the first time in his Objections, this Court exercises its discretion not to consider them. *E.g., United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). But even if it considered these arguments, none would succeed. The Illinois conviction for threats was not expunged until approximately two years after the Arizona state judge rendered the detention decision. The judge properly considered a then-extant conviction of record at the time she made the detention decision.

Next, the applicable state rules, as well as their federal counterparts, allow for hearsay evidence at detention hearings. Finally, dismissal of a state charge does not equate to suppression of any evidence gathered in the associated stop for that charge. Had a court suppressed the evidence from the stop or dismissed the traffic charges for an express Fourth Amendment violation or related bad faith behavior by the officers involved, then Petitioner's "fruit of the poisonous tree" argument might have merit. But Petitioner has made no such showing or even argued the stop itself was infirm. Petitioner merely provided a Phoenix Municipal Court document entitled "Notice of Dismissal" (Doc. 30 Exh. 9), which provides no indication of anything other than that the red light violation and driving with license suspended charges were dismissed. For that and the several other reasons correctly set forth in Respondents' Response to Objections (Doc. 32 at 6-8), which the Court will not reiterate here, Petitioner's evidentiary arguments would fail, were the Court to exercise discretion to consider them.

. . . .

. . . .

Therefore,

IT IS ORDERED overruling Petitioner's Objections (Doc. 30) to the R&R (Doc. 29) and adopting the R&R in whole.

IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus (Doc. 1).

IT IS FURTHER ORDERED denying a Certificate of Appealability to Petitioner. He has not made a substantial showing of the denial of a constitutional right. The Court finds that jurists of reason would not find its assessment of Petitioner's constitutional claims to be debatable or wrong, as that standard is set forth in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 27th day of January, 2020.

Honorable John J. Tuchi
United States District Judge